# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| | § | CASE NO. 6:11CR8-1 |
| vs. | § | |
| | § | |
| | § | |
| EDWARD EARL DAVIS | § | |
| | § | |
| | § | |

# REPORT AND RECOMMENDATION
# ON REVOCATION OF SUPERVISED RELEASE

The Government moved to revoke Defendant Edward Earl Davis's supervised release based on violations of his supervised release conditions. Defendant waived his right to a revocation hearing and pleaded "true" to Allegation 4 in the petition. It is the recommendation of the undersigned that the plea be accepted and that Defendant be sentenced to 9 months of imprisonment with no further supervised release.

*Background*

After pleading guilty to the offense of Possession of a List 1 Chemical, Defendant was sentenced on November 15, 2011, by the Honorable Michael H. Schneider, United States District Judge, to 71 months of imprisonment to be followed by 3 years of supervised release. The term of imprisonment was ordered to run concurrently to the defendant's imprisonment in Cause No. 49474 which was imposed by the 252nd District Court, Beaumont, Jefferson County, Texas. A Motion for Reduction was granted on December 30, 2014, reducing the imprisonment term to 46 months without changes in supervised release. Defendant completed his term of imprisonment and began serving his term of supervised release on October 30, 2015.

1

*Allegations*

In the Petition for Warrant or Summons for Offender Under Supervision filed on August 4, 2016, United States Probation Officer Susan Budjenska alleges that Defendant violated the conditions of his supervised release that state: (1) the defendant shall notify the probation officer ten days prior to any change of residence or employment; (2) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or any paraphernalia related to such substances, except as prescribed by a physician; (3) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; and (4) the defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as he is released from the program by the probation officer.

More specifically, it is alleged that a home visit was conducted on July 18, 2016, at Defendant's last approved residence in Carthage, Texas, but the probation officer was advised that Defendant no longer resided at the apartment. He did not leave a forwarding address. On November 13, 2015, Defendant submitted a urine specimen that tested positive for methamphetamine. On July 26, 2016, the Big Sandy Police Department allegedly stopped Defendant for a traffic violation. He was issued a warning ticket for a defective head lamp. Defendant did not report this contact with law enforcement to his probation officer.

Next, it is alleged that Defendant failed to submit a random urine specimen on May 2, 2016, July 5, 2016, July 7, 2016, July 18, 2016 and July 20, 2016, at the Good Shepherd Occupational Health facility. Further, Defendant failed to attend a substance abuse treatment session on July 13, 2016 with Kaye Ratzlaff, L.P.C. in Longview, Texas.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1).  Pursuant to 18 U.S.C. § 3583(g), the Court also shall revoke the term of supervised release if Defendant possessed a controlled substance in violation of his conditions.  Evidence of drug use is sufficient to support a finding of possession of a controlled substance within the meaning of 18 U.S.C. § 3583(g).  *See U.S. v. Smith*, 978 F.2d 181 (5th Cir. 1992).  In the present case, Defendant's original offense of conviction was a Class C felony.  Accordingly, the maximum sentence the Court may impose is 2 years of imprisonment.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by using and thereby possessing methamphetamine as alleged in the petition, he is guilty of a Grade B violation.  U.S.S.G. § 7B1.1(a).  Defendant's original criminal history category was III.  The Guidelines, therefore, provide that Defendant's guideline range for a Grade B violation is 8 to 14 months of imprisonment.  U.S.S.G. § 7B1.4(a).  If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by failing to notify his probation officer of his change of residence, failing to notify his probation officer of contact with law enforcement, failing to submit a random urine specimen and failing to attend a substance

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

abuse treatment session as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of III, the applicable guideline range for a Grade C violation is 5 to 11 months of imprisonment. The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

*Hearing*

On September 14, 2016, Defendant appeared for a final revocation hearing. Defendant's counsel, Assistant Federal Defender Ken Hawk, announced that Defendant and Assistant United States Attorney Frank Coan reached an agreement for Defendant to enter a plea of true to Allegation 4 in the petition and to jointly request a sentence of 9 months of imprisonment with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to the Allegation 4 in the petition. Defendant requested a recommendation to the Bureau of Prisons to designate him to FCI Texarkana or, alternatively, FCI Seagoville.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that the allegations in the petition are true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 9 months of imprisonment with no further supervised release. Any criminal history monetary penalties previously ordered in the

final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's term of supervised release be **REVOKED** and that he be sentenced to 9 months of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is, therefore, recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 9 months of imprisonment with no further supervised release.

So ORDERED and SIGNED this 14th day of September, 2016.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE